**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLIFFORD MARTELL BROWN,

      Defendant - Appellant.

No. 04-6333
(D.C. No. CR-03-242-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Defendant-Appellant Clifford Brown argues that the district court violated his constitutional rights by enhancing his sentence based on facts not admitted by him or found by a jury. The government concedes that error occurred and that the error was not harmless. We therefore REMAND for resentencing.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

As a result of a substantial federal and state investigation into the trafficking of cocaine base in southwest Oklahoma, Brown was indicted along with four other individuals for a variety of drug and firearm charges. Brown pleaded guilty to conspiracy to possess with intent to distribute 50 or more grams of cocaine base and 500 or more grams of cocaine. Brown's presentence report recommended a base offense level of 38 based on drug quantity, a two-level enhancement for possession of a dangerous weapon, and a two-level enhancement for obstruction of justice. This total offense level of 42, coupled with a criminal history category of II, resulted in a recommended sentence range of 360 months to life. Brown objected to the calculation of the base level and to the imposition of the enhancements.

At Brown's sentencing hearing, the government conceded that Brown's objection to the obstruction of justice enhancement should be sustained because the witness on whose testimony the enhancement was based could not be located. Given this concession, the government also indicated that a three-level reduction for acceptance of responsibility would be appropriate. Thus, the only enhancement at issue was the two-level increase for possession of a dangerous

weapon. After hearing testimony from a government witness, the court made a finding that the enhancement was appropriate.

At the hearing, Brown argued that in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), all facts relevant to his sentence, such as the drug quantities involved in the offense, must be decided by a jury beyond a reasonable doubt rather than by the sentencing court. The court responded by ruling that it would impose a sentence under the Sentencing Guidelines, as the issue of the Guidelines' constitutionality was at that time pending before the Supreme Court, but that it would also impose an alternative sentence in the event that the Guidelines were invalidated.

At the conclusion of the hearing, the district court noted that Brown's Guideline range—resulting from a base offense level of 38, a two-point firearm enhancement, a three-point reduction for acceptance of responsibility, and a criminal history category of II—was 235 to 293 months. The court announced a Guidelines sentence of 235 months and, in the event that the Guidelines were ruled unconstitutional, an alternative sentence of 15 years (180 months).

## DISCUSSION

In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. "As a result, the Court held that mandatory application of the Guidelines violates the Sixth Amendment when judge-found facts, other than those of prior convictions, are employed to enhance a sentence." United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005) (en banc), cert. denied, 126 S. Ct. 495 (2005).

Brown's objection based on Blakely was sufficient to preserve his Booker argument on appeal, see United States v. Geames, 427 F.3d 1333, 1339 (10th Cir. 2005), and thus we review for harmless error, see United States v. Riccardi, 405 F.3d 852, 874-75 (10th Cir.2005), cert. denied, 126 S. Ct. 299 (2005). Booker error is harmless when the government shows that the error "did not affect the district court's selection of the sentence imposed." Id. at 875 (quotations omitted).

The government concedes, and we agree, that the district court committed constitutional Booker error. The government also admits that it cannot show that the error did not affect the sentence imposed in light of the fact that the district court announced an alternative sentence lower than the Guideline sentence actually imposed. We agree that the error was not harmless.

We therefore REMAND this action to the district court with instructions to vacate Brown's sentence and to resentence him in accordance with Booker.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge